UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOSEPH A. SLAGLE | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-113 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Joseph A. Slagle has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Slagle was born in 1966 and was 38 years old at the time of his supplemental administrative hearing. [Tr. 21, 400]. He completed eighth grade and has relevant past work experience as a machine operator, maintenance laborer, and spinner. [Tr. 21]. Mr. Slagle alleges he is disabled as of April 22, 2003, from back, neck, and shoulder pain, depression, poor attention and concentration, and migraine headaches. [*Id.*]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Slagle was not disabled

as defined by the Social Security Act. [Tr. 27].

At Mr. Slagle's supplemental administrative hearing held on September 21, 2004, the testimony of Mr. Slagle, his wife Pansy Slagle, medical expert Dr. Thomas Schacht, and vocational expert Cathy Sanders was received into evidence. [Tr. 433-66]. The purpose of this supplemental hearing was to "take any additional testimony as is necessary to complete the record." [Tr. 431]. Mr. Slagle testified about the medications he takes. [Tr. 434-35]. He also admitted to drinking frequently in years past, but testified that he ceased drinking a few years back. [Tr. 437-38]. Mr. Slagle indicated he has problems with his shoulder, neck, and back hurting all of the time, as well as problems with concentrating, remembering, and migraine headaches. [Tr. 439-40].

Pansy Slagle, Mr. Slagle's wife, testified next. [Tr. 449-54]. She testified her husband began drinking heavily when he was about 23 or 24 years old, but he stopped in 2001. [Tr. 450-51]. Ms. Slagle testified that her husband has been depressed and had difficulty remembering since he quit drinking. [Tr. 452].

Medical expert Dr. Thomas Schacht testified next that Mr. Slagle's medical record contained "some conflicts and uncertainties" that he could not resolve. [Tr. 455]. He did note "a history of rather massive alcohol abuse." [Tr. 455]. The doctor also mentioned conflicting evidence concerning whether Mr. Slagle's substance abuse

is in the past because several times he tested positive for Lortab when his prescription for the medication was outdated. [Tr. 456]. Dr. Schacht also identified several instances of Mr. Slagle being non-compliant with recommended treatment, including referrals to Narcotics Anonymous, Alcoholics Anonymous, and individual psychotherapy that went unheeded. [Tr. 457]. Both blood glucose testing and sleep testing have also been recommended with no follow through on Mr. Slagle's part. [*Id.*]. It was Dr. Schacht's conclusion that there was "way too much uncertainty in this record to know what's going on" as far as whether Mr. Slagle had any severe mental impairments. [Tr. 458]. He testified the uncertainties might be unraveled by more complete pharmacy records as well as Mr. Slagle following up with the suggested sleep study and diabetes study. [Tr. 459].

Vocational expert Cathy Sanders was the last witness. [Tr. 463-66]. She classified Mr. Slagle's past relevant work as a machine operator/crane operator as heavy and skilled; his work as a maintenance laborer as light and unskilled; and, his work as a spinner as medium and semi-skilled. [Tr. 463]. The ALJ then asked her to assume a man of Mr. Slagle's age, education, and work background who was restricted to light work activity (lifting no more than 20 pounds occasionally and 10 pounds frequently) and unskilled, simple jobs. [Tr. 463]. According to the vocational expert, such a person could work as a non-construction laborer, machine

3

operator, hand packager, stocker, sorter, food preparer, dishwasher, and hand painter. [Tr. 463-64].

The ALJ ruled that Mr. Slagle was not disabled because his severe impairments of back pain and depression were not severe enough for a finding of disability. [Tr. 27]. The ALJ then found Mr. Slagle retained the residual functional capacity [RFC] to perform simple, unskilled light work. [*Id.*]. With that RFC, Mr. Slagle could return to his past relevant work as a maintenance laborer. [Tr. 28]. In addition, he could perform work that exists in significant numbers in the national economy. [*Id.*].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Slagle requests summary judgment and a remand of his case, contending

4

the medical record in this case has not been fully developed. Specifically, Mr. Slagle argues the testimony of the vocational expert and medical expert at his supplemental administrative hearing indicates the need for further development. However, because Mr. Slagle has not specified what in each of the expert's testimony needs further development, this court is left to fill in the arguments for him.

Despite a thorough review of the vocational expert's testimony, this court cannot find any indication in her testimony that her opinion would have been altered by additional information or further development of the record.

Regarding medical expert Dr. Schacht, Mr. Slagle most likely believes his case should be remanded for further development about his prescription records, sleep study, and diabetes study. The doctor testified that more information about each would have been helpful in making his determination about whether Mr. Slagle had any severe mental impairments. [Tr. 458]. Mr. Slagle forgets, however, that the burden is on him to provide information to the Commissioner regarding his physical and mental conditions. *Bowen v. Yuckert*, 482 U.S. 127, 146, n.5 (1987). Mr. Slagle understood he could ask for an extension of time to submit records because he had previously taken that route following the May 2004 administrative hearing. [Tr. 398-99, 427]. At the conclusion of the supplemental administrative hearing held in September 2004, Mr. Slagle's attorney informed the ALJ that he had no further

5

evidence to present. [Tr. 466-67]. Mr. Slagle did finally undergo his sleep study two days before the ALJ issued his written decision. [Tr. 394-95]. The record, however, is void of any attempts by Mr. Slagle requesting additional time to submit the results of that study to the ALJ. Mr. Slagle has already had many bites at the proverbial apple, and any failure to submit records or follow through with tests falls on his shoulders. His request for a remand will be denied.

After careful consideration of the entire record of proceedings related to this case, Mr. Slagle's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

                                         s/Thomas Gray Hull
                                         THOMAS GRAY HULL
                                           SENIOR U. S. DISTRICT JUDGE